SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
SEP 3 0 2008
J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. 1:08cv1266 LG-RHW ) |
| v. | ) **C O M P L A I N T** |
| PRESTON HOOD CHEVROLET, LLC, d/b/a Preston Hood Chevrolet. | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and retaliation, and to provide appropriate relief to Lisa Battaglia, Rebeca Gonzalez, and a class of similarly situated female employees of Preston Hood Chevrolet who were adversely affected by the unlawful practices.

Specifically, Defendant subjected Lisa Battaglia, Rebeca Gonzalez, and a class of similarly situated female employees of Preston Hood Chevrolet to sexual harassment. Defendant terminated Battaglia because she complained about the sexual harassment. Defendant constructively discharged Gonzalez when the sexual harassment became so intolerable that she was compelled to resign.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the Unites States of America charged with the administrative, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Preston Hood Chevrolet LLC, d/b/a Preston Hood Chevrolet (the "Employer"), has continuously been doing business in the State of Mississippi and the City of Biloxi, and had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lisa Battaglia and Rebeca Gonzalez filed charges of discrimination with the Commission alleging violations of Title VII by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From about August 2006 continuing until March 2007, the Defendant Employer engaged in unlawful employment practices at its Biloxi, Mississippi location in violation of § 42

U.S.C. § 2000e- 2(a)(1) by subjecting Battaglia to sexual harassment through the conduct of its managerial and non-managerial employees.

8. From about January 2007 continuing until April 2007, the Defendant Employer has engaged in unlawful employment practices at its Biloxi, Mississippi location in violation of § 42 U.S.C. § 2000e- 2(a)(1) by subjecting Gonzalez to sexual harassment through the conduct of its managerial and non-managerial employees.

9. From about January 2006 continuing until the present, the Defendant Employer has engaged in unlawful employment practices at its Biloxi, Mississippi location in violation of § 42 U.S.C. § 2000e- 2(a)(1) by subjecting a class of similarly situated female employees of Preston Hood Chevrolet to sexual harassment through the conduct of its managerial and non-managerial employees.

10 The offensive conduct directed at Gonzalez, Battaglia and the class of female employees included, but was not limited to, the use of sexually explicit and provocative language, the use of sexually insulting and derogatory language, the display of pornographic materials, and unwelcome sexual advances by Defendant's male managers and employees.

11. Battaglia complained to her supervisors that the sexually based conduct of the male managers and employees was unwanted, offensive and objectionable.

12. Gonzalez complained to her supervisors that the sexually based conduct of the male managers and employees was unwanted, offensive and objectionable.

13. The Defendant knew or should have known of the sexually harassing behavior and atmosphere to which Battaglia, Gonzalez and the class of female employees were being subjected.

14. Despite knowing of the sexually harassing behavior and atmosphere, the Defendant did nothing to prevent it, correct it, or provide remedial relief to Battaglia, Gonzalez and the class of female employees.

15. The sexual harassment was so severe and pervasive that it altered the conditions of employment for Battaglia, Gonzalez and the class of female employees and created an abusive working environment.

16. In March 2007, the Defendant terminated Battaglia after she complained to Defendant about the sexual harassment. Battaglia was terminated in retaliation for her complaints of sexual harassment in violation of 42 U.S.C. § 2000e-3(a).

17. The harassing conditions and Defendant's failure to address them caused the work environment to become so intolerable that Gonzalez was constructively discharged and compelled to resign in April 2007.

18. The effect of the practices complained of above has been to deprive Battaglia and Gonzalez, and the above class of female employees, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

19. The unlawful employment practices complained of above were intentional.

20. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Battaglia, Gonzalez and a class of female employees.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant employer, its owners, officers, successors, assigns and all persons in active concert or participation with it, from

4

engaging in any employment practices which discriminate against female employees or subject them to a sexually hostile environment.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Lisa Battaglia and Rebeca Gonzalez, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement and/or front pay.

D. Order Defendant Employer to make whole each of the aggrieved former employees and class members by providing compensation for past and future pecuniary losses, resulting from the unlawful employment practices complained of in paragraphs six (6) through twenty (20) above, including compensation for job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole each of aggrieved former employees and class members, by providing compensation for non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs six (6) through twenty (20) above including, but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay each of the aggrieved former employees and class members punitive damages for its malicious and reckless conduct described in paragraphs six (6) through twenty (20) above in an amount to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
1801 "L" Street Northwest
Washington, D.C. 20507

_____
C. EMANUEL SMITH
Regional Attorney

_____
JULIE S. LEE
Supervisory Trial Attorney

_____
MARICIA WOODHAM
Senior Trial Attorney
Alabama Bar (ASB-2160-E55M)

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
(205) 212-2054