**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| PRESTON HOOD CHEVROLET, LLC. | ) ) ) | 1:08CV1266-LG-RHW |
| d/b/a Preston Hood Chevrolet, | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### A. INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") brought this action against Defendant Preston Hood Chevrolet, LLC (hereafter referred to as "Preston Hood" or "Defendant") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 on behalf of a class of female employees who the Commission alleges were sexually harassed by Defendant's management and non-management employees and/or constructively discharged (hereafter referred to as the "Class"). Defendant denies these allegations.

1. This Consent Decree is entered into by the EEOC and Defendant Preston Hood to settle all Title VII claims in this lawsuit. This Consent Decree shall be final and binding between the EEOC and Defendant Preston Hood, its directors, officers, agents, employees, successors, or assigns and all persons in active concert or participation with it (hereinafter collectively referred to as "Defendant" or "Preston Hood").

2. The EEOC and Defendant Preston Hood do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Case No. **1:08-CV-01266-LG-RHW**. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission or

acknowledgment by Defendant of any violation of Title VII.

## B. GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

3. This Court has jurisdiction over the parties and the subject matter of this action.

4. The terms of this Consent Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendant Preston Hood in their capacities as representatives, agents, directors, officers, assigns, and successors of Defendant Preston Hood, and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Consent Decree.

5. The Consent Decree shall fully and finally resolve, with prejudice, all Title VII claims which were raised by the EEOC in its Complaint in Civil Action No. 1:08-cv-1266-LG-RHW.

6. The Consent Decree shall be filed in the United States District Court for the Southern District of Mississippi and shall continue to be in effect for a period of thirty (30) months. Any modification of this Consent Decree by any party must be made by motion to the Court.

7. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

8. The Consent Decree shall apply to the Defendant Preston Hood's Biloxi, Mississippi dealership, and all employees (the use of the term "employees" includes temporary and contract employees) working in or for that dealership, and all employees in any other location who provide EEOC compliance and human resources support to, and supervisory and/or decision making authority over, operations at the Biloxi, Mississippi dealership.

## C. MONETARY RELIEF

9. Defendant Preston Hood Chevrolet shall pay monetary relief on behalf of the Class in the gross amount of $85,000.00 compensatory damages. The monetary relief shall be in full

settlement of the claims against Defendant Preston Hood which were the basis of EEOC Charges 423-2007-02134 and 423-2007-02394, and raised in the instant EEOC Complaint. From the $85,000.00, Defendant Preston Hood Chevrolet shall disburse individual amounts to named class members identified by EEOC in amounts specified by the EEOC; provided, however, that it is specifically recognized that: (a) $5,000.00 of the amount paid to Lisa Battaglia, less all legally required withholdings, shall be for backpay, (b) $5,000.00 of the amount paid to Rebeca Gonzalez, less all legally required withholdings, shall be for backpay, and (c) the remaining amounts paid to Lisa Battaglia, Rebeca Gonzalez and other members of the Class shall represent compensatory damages. Payment shall be made by sending a check made payable to each named class member in the amount specified by the EEOC. The check shall be sent, within ten (10) days after the EEOC identifies the named class member to Defendant Preston Hood, to each class member's mailing address as provided by the EEOC to Defendant Preston Hood. Appropriate tax reporting forms reflecting the amount paid shall be delivered to the class member by Defendant Preston Hood on or before February 15, 2011.

10. In the event any amount of the settlement remains after disbursement of payment to the class members in the amounts specified, or if settlement is not consummated with any class member, the remaining funds shall not revert to Defendant. Instead, the Commission shall identify in writing a Mississippi social service organization whose mission, responsibility, or substantial focus includes preventing or addressing sexual harassment or violence against women. Payment to the identified social service organization, if required, shall be made by check payable to the organization and shall be mailed to the address provided within ten (10) days after the Commission submits the identifying information.

11. Defendant Preston Hood shall mail a photocopy of each check paid to any individual or organization pursuant to this Consent Decree to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205 at the time the check is mailed.

## D. GENERAL INJUNCTIVE RELIEF

12.     Defendant Preston Hood shall not engage in any employment practice which constitutes unlawful sexual harassment or retaliation under Title VII. Specifically, Defendant Preston Hood is enjoined from creating, fostering or tolerating or subjecting any employee to a sexually hostile work environment, or retaliation under Title VII.

13.     Defendant Preston Hood shall develop effective policies and/or procedures that seek to prevent employees from being subjected to sexual harassment and retaliation under Title VII. The prohibited harassment and retaliation shall include retaliatory and sexually hostile, offensive, and derogatory conduct or communications including, but not limited to, touching, threats, taunts, jokes, comments, statements, demonstrations, images, photographs, cartoons, drawings, and/or graffiti. The referenced policies and/or procedures also shall prohibit sex and retaliation from being an implicit or explicit term of employment.

14.     Defendant Preston Hood shall develop policies and/or procedures that require that investigations and inquiries into reports of sexual harassment and retaliation be conducted in good faith, and that allow employees to raise concerns or complaints about sexual harassment and retaliation without fear of retaliation.

15.     Defendant Preston Hood shall develop policies and/or procedures that require that all documents related to or generated by allegations of sexual harassment and retaliation by any employee are placed and maintained in a confidential file marked "Sex/Retaliation Allegations." Defendant Preston Hood shall develop policies and/or procedures that require consideration of past allegations and findings of sexual harassment and retaliation against an employee, supervisor or manager in investigating and making determinations related to new allegations of sexual harassment against the same employee, supervisor or manager.

16.     Defendant Preston Hood shall develop policies and/or procedures that provide that employees, supervisors and managers who engage in sexual harassment and retaliation will be subject to discipline, up to and including discharge. Defendant Preston Hood's policies and/or

procedures shall ensure that, to the extent that supervisors and managers undergo verbal or written informal or formal performance evaluations, their enforcement of and compliance with Title VII, this Consent Decree, and Defendant Preston Hood's sexual harassment and retaliation policies and procedures shall be discussed and factored into their evaluation and any related rating, or other employment action.  To the extent Defendant Preston Hood uses written performance evaluations for supervisors and managers, the written evaluations shall identify as a factor in the evaluation the supervisor's or manager's compliance with Title VII, this Consent Decree, and Defendant Preston Hood's sexual harassment and retaliation policies and procedures, and shall describe how the supervisor or manager performed in the area of sexual harassment and retaliation.

17.     Defendant Preston Hood shall develop policies and/or procedures that provide for the distribution and dissemination of its sexual harassment and retaliation policies and procedures to all its employees, supervisors, and managers.  Defendant Preston Hood shall develop policies and/or procedures that educate all employees, supervisors and managers on how to report sexual harassment and that encourage them to do so.

18.     Defendant Preston Hood shall develop policies and/or procedures for training employees, supervisors and managers in the areas of sexual harassment and retaliation.

19.     Defendant Preston Hood shall comply fully with all provisions of this Consent Decree and Title VII.  Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant Preston Hood under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Defendant Preston Hood in the future.

### E.  SPECIFIC INJUNCTIVE RELIEF

20.     Defendant Preston Hood shall require that all allegations of sexual harassment and retaliation that are discovered or observed by, or brought to the attention of, a Defendant Preston Hood supervisor or manager be relayed by that supervisor or manager to the Defendant's Human Resources Director.  Defendant Preston Hood employees may report sexual harassment and

retaliation to the Human Resources Director or manager of their choice.

21. On discovery by the Human Resources Director or on receipt by the Human Resources Director of an allegation, report or complaint of sexual harassment or retaliation, the Human Resources Director or his/her designee shall initiate an investigation of the alleged misconduct within twenty-four hours of discovery or receipt of the information, or on the first business day after discovery or receipt, whichever is later. The investigation initiated by the Human Resources Director shall include, but not be limited to, interviewing the alleged victim, alleged harasser and other persons alleged to have knowledge of the relevant events. The investigation shall include, but not be limited to, identifying and interviewing persons with knowledge about prior instances of sexual harassment and retaliation by the alleged harasser, and reviewing documents related to prior instances of sexual harassment and retaliation by the alleged harasser.

22. Defendant Preston Hood, as part of its investigation of and inquiries into allegations, reports or complaints of sexual harassment and retaliation, shall memorialize the sexual harassment and retaliation allegations, reports and complaints in writing, obtain written statements, make written findings (including the names and contact information for witnesses) and make written determinations and recommendations. These, and any other documents generated by or related to the investigation or inquiry, shall be placed and retained in the confidential file described in item #15 of this Consent Decree(Sex/Retaliation Allegations file), and maintained by the Human Resources Director (or his/her designee). In the event Defendant Preston Hood shall find or determine an allegation, report or complaint of harassment and retaliation to be substantiated, or if the finding or determination is inconclusive, Defendant Preston Hood shall place and retain in the alleged harasser's official personnel file a notice directing the reader to the Sex/Retaliation Allegations file.

23. Defendant Preston Hood shall require that any employee who is determined to have sexually harassed or retaliated against another employee in violation of Title VII and Defendant's policies and procedures shall be notified by Defendant Preston Hood in writing and required to attend at least two (2) hours of anti-harassment and anti-retaliation counseling, unless the employee's

employment with Preston Hood is terminated for such harassment. Willful failure to attend counseling on the direction of the Defendant Preston Hood shall be entered into the employee's official personnel file and the confidential file and shall be grounds for discipline, up to and including termination.

24. Defendant Preston Hood shall not retaliate against any person because of that person's allegation, report or complaint of sexual harassment or retaliation, opposition to any practice made unlawful under Title VII, or filing of a charge, giving of testimony or assistance, or participation in any manner in any investigation, hearing or proceeding under Title VII.

25. Named class members shall direct all communication regarding their employment with Preston Hood to Brian Laughlin or the Defendant's Human Resources Director. In the event Mr. Laughlin or the Human Resources Director receives an inquiry from any prospective employer concerning the named class member's employment with Preston Hood, they will limit the information provided to the named class member's title, and dates of employment. Neither Mr. Laughlin nor the Human Resources Director, shall divulge, directly or indirectly, to any employer or potential employer of the named class members any of the facts or circumstances related to the underlying charge of discrimination against Defendant Preston Hood, or any of the events relating to the named class member's participation in the litigation of this matter.

26. Defendant Preston Hood shall, to the degree reasonably possible, seek to ensure that allegations of sexual harassment and retaliation, and the associated investigation and determination, are not made public and are shared only with potential witnesses when it determines that such disclosure is necessary to conduct a thorough interview and investigation. Witnesses shall be required to maintain the disclosure as confidential.

### F. POSTING OF NOTICE

27. Within sixty (60) business days after entry of this Decree, Defendant Preston Hood shall post 8½-inch-by-11-inch sized copies of the Notice attached as Exhibit A to this Decree in a conspicuous place at the Biloxi, Mississippi dealership where notices to employees are customarily

posted. Defendant Preston Hood shall provide a copy of the Notice, and an indication of the date(s) and location(s) of its posting, to the Regional Attorney, EEOC's Birmingham District Office, within ten (10) days of the posting. Defendant Preston Hood shall permit a representative of EEOC to enter Defendant Preston Hood's premises at its Biloxi, Mississippi dealership for purposes of verifying compliance with this paragraph at any time during normal business hours. Defendant Preston Hood shall take all reasonable steps to ensure that the posting is not altered, defaced, covered by any other material, or removed. Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Defendant Preston Hood shall re-post promptly a legible copy in the same manner as heretofore specified. The posted Notice shall be the same type, style and size as the printing on Exhibit A and shall bear the signature of the general manger of the Biloxi, Mississippi dealership.

## G. TRAINING

28. Defendant Preston Hood shall provide training at its Biloxi, Mississippi dealership on the requirements of Title VII on the following terms:

   a. Within six (6) months of the effective date of this Consent Decree, Defendant Preston Hood shall provide training to its Biloxi, Mississippi employees, supervisors and managers on employee and management rights and obligations under Title VII, with a special emphasis on the Title VII's prohibitions against sexual harassment and retaliation and on Defendant Preston Hood's policy against sexual harassment and retaliation. The training shall include a description of types of behavior which, alone or combined with other behaviors, could constitute sexual harassment. The training also shall explain the steps employees may take to report sexual harassment and retaliation, and contain assurances of non-retaliation and efforts to keep the matter as confidential as reasonably possible. The training will be repeated (with modifications to ensure its compliance with the law) once annually during each remaining 12-month period that the Consent Decree is in effect.

    b. Each annual training session shall last two (2) hours, and shall generate a registry containing signatures of all persons in attendance at each training. Each registry shall be retained by Defendant Preston Hood for the duration of the Consent Decree.

    c. Each annual training session will be delivered in accord with an outline prepared at least one-week in advance of the training. The outline, all training materials (pamphlets, brochures, agendas, videos), and the registry shall be delivered to the EEOC Birmingham District Office, via first class mail to the attention of the Regional Attorney, within 30 days after each training session. Acceptance or review of these materials by EEOC shall not constitute approval of any of said materials, but will be retained for compliance purposes.

    d. During the term of the Consent Decree, Defendant Preston Hood also agrees to provide an additional 1-hour training, covering the areas described in paragraph (a) above, to each new employee within forty five (45) days after the employee's hire into the Biloxi, Mississippi dealership. However, all employees shall attend the annual training irrespective of their abbreviated orientation training. A registry of attendance at the additional training sessions also shall be retained for the duration of the Consent Decree. These additional training sessions will be coordinated by Defendant Preston Hood's Human Resources Director.

    e. The total amount of training time required in this Consent Decree and the total amount of training time required in the Consent Decree entered (or to be entered) in Civil Action Number 1:08-CV-01265-HSO-JMR in the United States District Court for the Southern District of Mississippi shall run concurrently and not consecutively.

29. Defendant Preston Hood shall provide to the EEOC in writing within fifteen (15) business days before the annual training session(s) begin, a listing by payroll number of all current employees at the Biloxi, Mississippi dealership, including managers and supervisors, as of the date of the training. After the training sessions have occurred, Defendant Preston Hood shall certify to

the EEOC in writing that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training sessions; and (ii) a copy of the registry of attendance, which shall include the payroll number and union or management designation of each person in attendance. The payroll listing and the certification shall be delivered to the EEOC, via first-class mail, to the attention of the EEOC Regional Attorney.

## H.  DISPUTE RESOLUTION

30. In the event that either party to the Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) days of discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for appropriate relief.

## I.  EEOC REPORTS

31. Defendant Preston Hood shall submit to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130-22nd Street South, Suite 2000, Birmingham, Alabama 35205 every 180 days following the effective date of the Consent Decree, a report containing the following: (1) the name(s) of all Biloxi, Mississippi employees who filed complaints of, or reported, alleged sexual harassment; (2) the supervisor, manager or HR person to whom the complaint or report of alleged sexual harassment was made; (3) the date the sexual harassment complaint or report first was made, and (if not to the department of Human Resources/Personnel) the date the complaint or report was received by the department of Human Resources/Personnel; (4) a brief (paragraph length) description of the alleged conduct underlying the complaint or report of sexual harassment, including whether the alleged harasser was a supervisor, manager or co-worker; (5) a statement that Defendant Preston Hood was/was not aware

of prior sexual harassment by the accused harasser, or reports or allegations of sexual harassment by the accused harasser; (6) whether the investigation is still pending, and, if concluded, Defendant Preston Hood's findings and a description of any personnel (i.e., disciplinary, corrective, performance evaluation) or training action taken in response to the allegation, and/or the findings. Defendant Preston Hood should take all reasonable steps to discover information responsive to the preceding six (6) items including, but not limited, surveying supervisors and managers, and reviewing records. If Defendant Preston Hood is unaware of any sexual harassment, or any reports or allegations of sexual harassment, it should so state. The report to the Regional Attorney should be signed and affirmed by the Human Resources Director.

### J.  COSTS AND ATTORNEY FEES

32. Each party shall bear its own attorney's fees and costs incurred in this action up to the date of the entry of this Decree.

### K.  DURATION OF DECREE

33. The duration of the Consent Decree shall be thirty (30) months from its entry. The Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which Defendant Preston Hood or the EEOC may petition this Court for compliance with the Consent Decree. Should the Court determine that either party has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered. Absent extension, the Consent Decree shall expire by its own terms at the end of thirty (30) months from the date of entry, without further action by the Parties.

The parties agree to the entry of the Consent Decree subject to final approval by the Court.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2010.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISION
JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street NE
Washington, DC   20507

/s/ Brian Laughlin
_____
PRESTON HOOD CORPORATION
Representative Official

/s/ C. Emanuel Smith                              /s/ Doris Bobadilla
_____   _____
C. EMANUEL SMITH (MS Bar No. 7473)   DORIS BOBADILLA
Regional Attorney                                   Galloway, Johnson, Tompkins,
                                                              Burr & Smith
                                                              2510 14th Street, No. 910
/s/ Julie Bean                                        Gulfport, MS
_____   COUNSEL FOR
JULIE BEAN (D.C. Bar No. 433292)       PRESTON HOOD CORPORATION
Supervisory Trial Attorney

/s/ Ylda Kopka
_____
YLDA KOPKA (IL 6286627)
Trial Attorney

EXHIBIT A

**NOTICE TO ALL PRESTON HOOD EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered into between Preston Hood Chevrolet, LLC ("Preston Hood") and the United States Equal Employment Opportunity Commission.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., as amended, ("Title VII"), prohibits discrimination against employees and applicants for employment based upon race, color sex, religion, or national origin  Title VII further prohibits retaliation against employees or applicants who avail themselves of the rights under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation.  The EEOC is the federal agency which investigates charges of unlawful employment discrimination.  The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

Preston Hood and the EEOC have entered into a Consent Decree which provides among other things that Preston Hood: (1) will not discriminate on the basis of sex; (2) will maintain records of reports and complaints of sexual harassment; (3) will immediately investigate and seek to resolve reports and complaints of sexual harassment; (4) will require supervisors and managers to address reports and allegations of sexual harassment; (5) will develop strong anti-sexual harassment policies and procedures; (6) will hold supervisors and managers accountable if it is found they do not comply with sexual  harassment laws, policies and procedures; and (7) will train all employees on how to prevent and address sexual harassment.  Preston Hood affirms that it will not retaliate against any person because she or he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

If you believe you have been discriminated against based on sex or subjected to unlawful retaliation, you may contact the EEOC at (205) 212-2100.  The EEOC charges no fees and has employees who speak languages other than English.

      **This Notice must remain posted for thirty (30) months from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd Street South, Birmingham, Alabama 35205.**

_____          _____
Preston Hood Official Signature          (Date Consent Decree Entered by Court)